KETHLEDGE, Circuit Judge,
dissenting.
The record as it now stands, in my view, does not create a genuine issue of material fact as to whether the stated reasons for Marsico’s demotion were a pretext for age discrimination. The question before us is whether the district court improperly truncated that record when it refused to compel the depositions of Lampert and Crowley. That is a difficult argument on which to prevail. Trial courts have broad discretion to determine the scope of discovery. Bush v. Dictaphone Corp., 161 F.3d 363, 367 (6th Cir.1998). “ ‘An order denying further discovery will be grounds for reversal only if it was an abuse of discretion resulting in substantial prejudice.’” Id. (quoting Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 402 (6th Cir.1998)).
I respectfully disagree with the majority’s conclusion that Marsico has demonstrated substantial prejudice here. That the new management of a bankrupt company should criticize the company’s “old way of thinking[,]” and express skepticism “that someone[ ] that’s been around for 30 years can fix Kmart[,]” does not seem to me so extraordinary as to allow this court, rather than the district court, to take control of the discovery process. I would affirm the judgment of the district court.